UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES THOMAS BROWN,

        Petitioner,

v.                                          Case No. 05-CV-73678-DT

SUE DAVIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Charles Thomas Brown has filed a *pro se* petition for writ of habeas corpus. The application challenges Petitioner's state court convictions and sentence for two drug offenses. Because there is no merit in Petitioner's claims, the petition will be denied.

**I.  BACKGROUND**

On February 7, 2003, Petitioner pleaded guilty to possession with intent to deliver less than 50 grams of cocaine, second offense, and possession of less than 25 grams of cocaine, second offense. In return, the prosecutor agreed: (1) not to proceed against Petitioner as a fourth felony offender; (2) to dismiss two other pending drug cases; and (3) not to charge Petitioner with still another drug offense for which a police report had been written.

Petitioner subsequently moved to withdraw his plea on grounds that he had not understood what he was doing, his "raging cocaine habit" impacted his thinking, and he likely would be vindicated if he went to trial. The trial court noted at a hearing on

Petitioner's motion that he had appeared to understand everything and had consulted with his attorney on several occasions and then indicated that he wanted to go forward with the plea. The trial court denied Petitioner's motion, and on March 27, 2003, the court sentenced Petitioner to imprisonment for seven to thirty years for possession with intent to deliver cocaine and to a consecutive term of three to six years for possession of cocaine.

Petitioner raised his habeas claims on direct appeal from his convictions and sentence. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. Brown*, No. 254612 (Mich. Ct. App. June 7, 2004). On January 27, 2005, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Brown,* No. 126423 (Mich. Sup. Ct. Jan. 27, 2005).[1]

Petitioner filed his habeas corpus petition on September 26, 2005. He alleges that he was deprived of his constitutional right to due process because (1) he did not knowingly, understandingly, and voluntarily plead guilty, (2) he was sentenced erroneously as a habitual offender, and (3) his sentences should run concurrently, not consecutively. Respondent urges the court through counsel to deny the habeas petition on the basis that Petitioner is not entitled to any habeas relief.

## II.  STANDARD

The court may grant the writ of habeas corpus only if the petitioner can show that the state court's adjudication of his claim on the merits:

---

[1] Justices Michael F. Cavanagh and Marilyn Kelly voted to remand the case to the trial court for resentencing.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "Avoiding these pitfalls does not require citation of [Supreme Court] cases--indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).

### III.  DISCUSSION

### A.  Knowing and Voluntary Plea

3

Petitioner alleges that he was confused and did not fully understand what he was doing when he pleaded guilty and, therefore, his plea was not knowingly and voluntarily made. He asserts that his ability to comprehend the guilty plea process was impaired by narcotics and that he did not understand the nature of the charges to which he was pleading guilty.

### 1.  Legal Framework

Because a guilty plea is a waiver of constitutional rights, it must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences."  *Brady v. United States*, 397 U.S. 742, 748 (1970).  Courts must consider all the relevant circumstances when determining whether a plea was entered voluntarily and intelligently.  *Id.* at 749.  "A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charge against him."  *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)), *superseded on other grounds by Custis v. United States*, 511 U.S. 485 (1994).  However,

> [t]he rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision.  A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady*, 397 U.S. at 757.  Furthermore, "[s]olemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### 2.  Application

The prosecutor, defense counsel, and the trial court explained the terms of the plea bargain to Petitioner at the plea proceeding on February 7, 2003.  Petitioner responded affirmatively when the trial court asked him whether the explanations were the whole deal as he understood it.  Petitioner assured the trial court that he had fully and completely discussed the matter with his attorney and that he wanted to proceed with the plea bargain.  He stated that he understood the charges, had discussed them with his attorney, and wanted to plead guilty to them.  The trial court then repeated the entire plea agreement and once again asked Petitioner whether that was his understanding of the complete plea agreement.  Petitioner responded that it was and that no one had promised him anything beyond the plea agreement, nor threatened him, to convince him to plead guilty.  He stated that his guilty plea to each of the offenses was freely, understandingly, and voluntarily made.  He claimed to understand the maximum sentence for each offense and the fact that the sentences would run consecutively.

Petitioner expressed some confusion when the trial court began to discuss running minimum sentence to minimum sentence and maximum sentence to maximum sentence.  Nonetheless, his responses to the trial court's subsequent explanation indicate that he understood he was facing a total maximum sentence of thirty-six years.

Petitioner tried to justify his crime by explaining his drug habit, but after the trial court explained that the reason he committed the crimes was irrelevant, Petitioner stated that he still wanted to plead guilty to the two offenses.  Petitioner also stated that he understood the rights he was waiving by pleading guilty.

Petitioner was able to provide a factual basis for his guilty plea even though he

5

qualified his remarks by saying, "If this is the right case" and "I believe that's the incident." When the trial court asked Petitioner about his prior convictions in 1983 and 1986, Petitioner said that his drug habit made it difficult for him to remember the facts surrounding those convictions. However, he claimed to remember his 1992 conviction, and he did not deny the fact that he had at least three prior felony convictions. He simply did not remember the facts associated with those convictions. The trial court accepted Petitioner's plea after opining that Petitioner's plea was voluntarily and knowingly made.

To summarize, Petitioner claimed to understand the charges, the plea bargain, and the maximum sentence that he was facing. Although his memory of the facts surrounding his prior offenses admittedly was faulty, he did not dispute the fact that he was previously convicted of those offenses.

The relevant circumstances indicate that Petitioner's plea was voluntary, knowing, and intelligent. Accordingly, Petitioner has no right to habeas relief on the basis of his first claim.

### B. Habitual Offender Status

Petitioner alleges next that he should not have been sentenced as a habitual offender because a factual basis for his prior convictions was not established at the plea proceeding. In Michigan,

> "[t]he existence of a prior conviction may be established by any evidence that is relevant for that purpose, including, but not limited to, 1 or more of the following:
>
> (a) A copy of a judgment of conviction.
> (b) A transcript of a prior trial or a plea-taking or sentencing proceeding.

>  (c) Information contained in a presentence report.
>  (d) A statement of the defendant.

Mich. Comp. Laws § 769.13(5).

The prosecutor recited the details of Petitioner's four prior convictions at the plea proceeding, and Petitioner admitted that he had committed at least one of the prior convictions. (Tr. Feb. 7, 2003 at 9-11.) Petitioner's own statement established the existence of a prior conviction. The fact that Petitioner did not admit any facts in connection with his prior convictions is immaterial, because

> an express admission of guilt . . . is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

*North Carolina v. Alford*, 400 U.S. 25, 37 (1970). Petitioner's claim has no merit, and he has no right to relief on the basis of his second claim.

### C.  Concurrent vs. Consecutive Sentences

The third and final habeas claim alleges that the state court erred by imposing consecutive sentences. Petitioner claims that the ameliorative provision of an amendment to the statute under which he was convicted should have been applied to him.

The statute, Mich. Comp. Laws § 333.7401, formerly provided that sentences for certain drug offenses must run consecutively to any term of imprisonment imposed for another felony. *People v. Doxey*, 263 Mich. App. 115, 117; 687 N.W.2d 360, 361 (2004), *appeal denied*, 472 Mich. 878; 693 N.W.2d 818 (2005) (table). As amended by

2002 PA 665, the statute now provides that sentences for certain drug offenses *may* run consecutively with any term of imprisonment imposed for another felony. Mich. Comp. Laws § 333.7401(3); *Doxey*, 263 Mich. App. at 117; 687 N.W.2d at 361. Petitioner claims that he is entitled to concurrent sentences pursuant to 2002 PA 665.

The Michigan Court of Appeals has held that 2002 PA 665 does not apply retroactively to offenses committed before the effective date of the statute, which was March 1, 2003. *Doxey,* 263 Mich. App. at 122-23; 687 N.W.2d at 364-65. And in an unpublished decision, the Michigan Supreme Court vacated a footnote in a Michigan Court of Appeals decision, which stated that the defendant was entitled to seek resentencing under the amended version of the statute. *See People v. Dailey*, 469 Mich. 1019; 678 N.W.2d 439 (2004) (table). The legislative intent is to have defendants sentenced under the law in effect on the date of the offense. *Id.*

Petitioner was sentenced after March 1, 2003, but the offenses in question were committed before March 1, 2003. Under Michigan law, as explained above, his sentences must run consecutively. Federal constitutional law does not compel a different result, because "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus," *Bradshaw v. Richey*, 546 U.S. 74, __, 126 S. Ct. 602, 604 (2005), and the Constitution is not infringed by a state court's refusal to make state law retroactive. *Great Northern Railway Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 364 (1932); *Bowen v. Foltz*, 763 F.2d 191, 193-94 (6th Cir. 1985); *King v. Mintzes*, 559 F. Supp. 409, 411-14 (E.D. Mich. 1983) (Cook, J.) Thus, Petitioner's right to due process was not violated, and he is not entitled to habeas relief on the basis of his final

claim.

### IV.  CONCLUSION

The state court's conclusion that Petitioner's claims lacked merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.  Accordingly,

IT IS ORDERED that Petitioner's "Petition for Writ of Habeas Corpus" [Dkt. # 1] is DENIED.


       S/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2006, by electronic and/or ordinary mail.


       S/Lisa Wagner  
       Case Manager and Deputy Clerk  
       (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-73678.BROWN.2254.bh.wpd